UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH CAMPOS,<br><br>         Plaintiff,<br><br>      -against-<br><br>BMW MIAMI; TD BANK; M&N COLLISSION; CONEY ISLAND HOSPITAL; OPTIMUM ONLINE; MOMMIDIES HOSPITAL; NYPD; US MARSHALS; UNITED STATES GOVERNMENT; RSA; LEXIS NEXUS,<br><br>         Defendants. | 18-CV-8065 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action asserting claims under the Fourth Amendment as well as claims of "vandalism of property" and "loan fraud." Plaintiff sues BMW Miami, TD Bank, M&N Collision, Coney Island Hospital, Optimum Online, "Mommidies Hospital," the New York City Police Department ("NYPD"), the United States Marshals Service, the United States Government, "RSA," and "Lexus Nexus." By order dated January 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is

obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff alleges the following: In February 2016, he was the victim of a "vindictive and vigilante anarchy plot campai[g]n that was brought on by favoritism and [was] placed on [him] due to faulty loops in the Patriot Act watchlist." (ECF No. 2, at 5.) He states that he was an ironworker who volunteered in September 11, 2001 recovery efforts. (*Id.*) He asserts that three apartments in Florida and New York "had surveillance in place." (*Id.*) He also alleges that his wife was deported and that she lost their unborn child "due to this infergrad [sic] gangstalking program." (*Id.*) He states that the NYPD staged a false arrest to discredit him and his credentials. (*Id.*)

Plaintiff further alleges that since 2009, he has been unable to work and has "had all [of his] settlement disas[sembled] by these agencies." (*Id.* at 6.) He states that he has made harassment claims to the New York City Civilian Complaint Review Board, the American Civil Liberties Union, and apparently, to the NYPD's Internal Affairs unit, but none of them have responded to his claims. (*Id.*) Plaintiff states in the injuries section of the complaint that he has

been the victim of multiple instances of police brutality and has been hospitalized on many occasions. (*Id.*)

Plaintiff asks for the following relief: (1) damages in the amount of the value of a 2013 BMW SSDI vehicle, (2) damages totaling the rents that he would have collected in his three homes between 2016 and 2018, (3) damages for "all mod[i]fied electronics involved," and (4) damages for "pain and suffering . . . to have a [restoration] done on all [these] th[in]gs above [sic]." (*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

The Court dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  January 8, 2019
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge